GERALD O. MADER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mader v. Commissioner
Docket No. 13022-80.
United States Tax Court
T.C. Memo 1982-125; 1982 Tax Ct. Memo LEXIS 626; 43 T.C.M. (CCH) 763; T.C.M. (RIA) 82125; March 15, 1982. Gerald O. Mader, pro se. David Baier, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 189 deficiency in petitioner's *627 1977 Federal income tax. After concessions, the sole issue for decision is whether petitioner is entitled to a claimed gambling loss deduction. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner Gerald O. Mader resided in Hodgkins, Illinois, when he filed his petition in this case. He timely filed his 1977 Federal income tax return, using the cash receipts and disbursements method of accounting, with the Internal Revenue Service Center, Kansas City, Missouri. In 1977, petitioner won $ 680.80 on a $ 2.00 daily double wager he made at the Arlington Park Thoroughbred Racetrack in Arlington Heights, Illinois. Petitioner was not a professional gambler during 1977. On his 1977 return, petitioner did not report any gambling income or claim a gambling loss deduction. Petitioner did not itemize deductions on his 1977 *628 return because he did not have itemized deductions in excess of the zero bracket amount. In the notice of deficiency, respondent determined that petitioner had additional income of $ 680.80 attributable to his winnings from the daily double wager. [2]
OPINION Petitioner maintains that he was not required to report any gambling income for 1977 because he incurred gambling losses during that year which offset the income determined by respondent. Section 165(d) [3] allows a deduction for losses from wagering transactions to the extent of the gains from such transactions. Petitioner, however, has the burden of proving that he did in fact sustain gambling losses and the amount thereof. Rule 142(a), Tax Court Rules of Practice and Procedure. Nevertheless, petitioner offered absolutely no substantiation of his gambling losses aside from his self-serving testimony. Surprisingly, petitioner's testimony even failed to indicate the amount of the gambling losses he claims to have incurred during 1977. Instead, petitioner simply asserted that his losses exceeded his winnings *629 while admitting that he kept no records of his gambling activities. Moreover, it is clear that petitioner as a non-professional gambler was required to report all of his gambling winnings as gross income under section 61(a) and then claim as an itemized deduction any gambling losses which were deductible pursuant to section 165(d). Since petitioner's itemized deductions did not exceed the zero bracket amount, his asserted gambling losses cannot be used to offset his gambling income. [4] See secs. 62 and 63. Accordingly, since petitioner has not established that he was entitled to deduct any gambling losses, we must sustain respondent's determination. To reflect the *630 foregoing, Decision will be entered under Rule 155.
Footnotes
1. In the petition filed herein, petitioner raised a vague constitutional objection to the income tax. The argument was clearly frivolous and petitioner did not refer to it at any other point in this proceeding. Accordingly, we conclude that petitioner has wisely abandoned any frivolous constitutional claims.↩
2. Respondent has stipulated that petitioner only had winnings of $ 678.80 because the wager cost $ 2.00.↩
3. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
4. Although petitioner stipulated that his itemized deductions did not exceed the zero bracket amount, it is not clear that he treated his claimed gambling losses as itemized deductions for purposes of the stipulation. Nevertheless, since petitioner failed to prove that he incurred any gambling losses during 1977, his treatment of his claimed gambling losses for purposes of this stipulation does not affect our conclusion.↩